[Sac. No. 3489. In Bank.—December 16, 1924.]

J. D. FLOURNOY COMPANY (a Corporation), Plaintiff, v. T. A. COFFMAN et al., Defendants and Respondents; JAMES A. McGARVA et al., Defendants; GEORGE A. DUKE et al., Defendants and Appellants.

[1] WATER RIGHTS—PARTIES—JUDGMENT.—One claiming an interest in certain waters appropriated and taken from a river by means of a ditch, who is not a party to a suit brought to determine the respective interests in the water, is not bound by a judgment entered pursuant to an agreement and stipulation of the parties determining their rights.

---

1. Conclusiveness of judgments against persons not parties to action, note, 2 Am. St. Rep. 876. See, also, 15 R. C. L. 1006; 15 Cal. Jur. 181.

[2] ID.—INTERESTS OF PARTIES—PROPER JUDGMENT.—In a suit to determine the interest of the plaintiff in certain waters, where it appeared that plaintiff acquired his interest from one of the defendants and that in a previous suit between the defendants herein, to which this plaintiff was not a party, a judgment had been rendered by consent determining the respective interests of the parties, the court properly decreed that the interest of the plaintiff herein should be taken from his grantor's share of the water.

[3] ID. — EVIDENCE — JUDGMENT-ROLL — JUDGMENT.—In such a case, where it appeared that the judgment in the prior suit between the defendants herein had become final, the judgment-roll therein was competent and material evidence on which to base a finding as to the ownership of the various defendants in this action in the water; and the terms of the prior judgment were not violated by a decree herein adjudging that the interest of the plaintiff should be taken from the interest of his grantor, who was a party to the prior suit and a defendant in the present suit.

(1) 34 C. J., p. 984, sec. 1405.    (2) 34 C. J., p. 1614, sec. 1438. (3) 34 C. J., p. 940, sec. 1343.

APPEAL from a judgment of the Superior Court of Modoc County. J. O. Moncur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robnett & Wylie for Appellants.

J. E. Pardee, J. A. Pardee and R. M. Hardy for Respondents.

WASTE, J.—In an action in equity, brought to determine and define the water rights in a ditch, judgment was entered for the plaintiff, and certain of the defendants have appealed.

In 1885, Henry Masters appropriated 600 inches of water from the South Fork of the Pitt River, in Modoc County. He constructed a ditch, and held title to all the water so appropriated until 1887, when he commenced to convey certain interests therein to contiguous land owners. These owners are the predecessors in interest of the parties to this action, either directly or through mesne conveyances. Among the conveyances made by Masters was one in 1887

3.   See 15 R. C. L. 1012; 15 Cal. Jur. 186.

of an undivided three-eighths of the water and water rights in the ditch to the defendant George A. Duke. In the same year Duke conveyed eighty inches of the waters he had thus acquired to one John D. Flournoy, plaintiff's predecessor in interest. This deed was duly recorded, and Flournoy immediately commenced to make use of the waters transferred to him. Many years afterward, Duke and others, apparently assuming that they were the owners of the entire flow of water originally appropriated by Masters, brought an action to have their respective interests determined. The parties came to an agreement, and a stipulation was entered into by them on which a judgment defining their various interests was entered on November 27, 1901. By that judgment all the water flowing in the ditch was apportioned among the parties to the action, it being decreed, among other matters, that, under certain conditions, Duke was entitled to 130 of the first 400 inches of water flowing in the ditch, and one-fifth of the excess over 400 inches. Flournoy, then owner and holder of the right to eighty inches of water theretofore conveyed to him by Duke, was not made a party to the action. He did not in any way join or participate in the agreement or stipulation or in the judgment entered in accordance therewith. Nowhere in said action, as shown by the record, does any mention of the Flournoy right appear.

In 1919, plaintiff, as successor in interest of John D. Flournoy, brought the present action against Duke and all others claiming rights in the ditch, to have its interest judicially determined. At the conclusion of the trial it was conceded by all the parties that plaintiff had the unquestioned right to eighty inches of water when three-eighths of the water flowing in the ditch amounted to that much, and that practically the only question in the case was whether that amount of water should be apportioned to plaintiff out of the water rights of all the parties claiming under Masters or his successors in interest, as determined and fixed by the judgment entered in 1901, or should be taken out of the separate portion allotted to Duke.

[1] The trial court correctly held that, as Flournoy was not made a party to, and did not in any way participate in, the action which resulted in the judgment of 1901, neither

his, nor the rights of his successor in interest, the plaintiff here, were at all affected by that judgment. **[2]** It decided that, as between Duke and the other defendants claiming water rights in the ditch, the diminution of the quantity of water which was necessary in order to award plaintiff its undisputed right to eighty inches of the flow, should fall on the defendant Duke alone, for it was by his act and conveyance that the water right of Flournoy was created. In other words, it decreed that all of the water which plaintiff is entitled to take out of the ditch shall be supplied to it out of the portion confirmed to Duke by the judgment of 1901. It is from this portion of the present judgment that the defendants George A. and Annie Duke appeal.

**[3]** Appellants contend that the trial court, in reaching its conclusion, read into the judgment of 1901 a provision that does not belong there, and violated its terms, which, appellants contend, impose the same conditions on all the parties to the former action who are defendants here. We find no merit in the contention. It needs no citation of authorities to support the action of the trial court. The judgment-roll in the prior action was competent and material evidence on which to base a finding as to the ownership of the various defendants in this action in the water flowing in the ditch; but the court did not in any way modify or change the adjudication of 1901 by its present decree. The former judgment decided merely that the parties thereto, other than Duke, in so far as their rights were adjusted in that action, were entitled to all but 130 inches of the water flowing in the stream, that amount, on the facts then before the court, being allotted to Duke. The judgment became final and is binding and conclusive in favor of the other defendants in this action as against Duke, but it is of no effect as between Flournoy and Duke, because Flournoy was not a party to the action. Plaintiff, as his successor in interest, is entitled to eighty inches of water flowing in the ditch by reason of the conveyance from Duke to Flournoy. It cannot invade the rights of the other parties to the action, because its claim is solely through and under Duke. The only source to which it can look for its eighty inches of water is the portion allotted to Duke by the judgment of 1901.

Therefore, the conclusion arrived at by the trial court was the only one which could be reached.

The judgment is affirmed.

Lawlor, J., Seawell, J., Richards, J., Shenk, J., Lennon, J., and Myers, C. J., concurred.